UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KINCHLOE, #197465,

    Plaintiff,

v.

    Case No. 18-13214
    Hon. Victoria A. Roberts

PAUL EYKE, MS. STEWART, VASILIS POZIOS, MDOC MENTAL HEALTH DIRECTOR PSYCHOLOGIST KENDALL, ESMAELI EMAMI, CHIEF PSYCHIATRIST BEAVAIS, SCOTT WEBSTER, WARDEN WARREN, CHEYANNE SCHULTZ, and TISH WALT-DAVIS,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT VASILIS POZIOS'S MOTION FOR SUMMARY JUDGMENT [ECF No. 71]**

## I. INTRODUCTION

Plaintiff Paul Kinchloe ("Kinchloe"), a state inmate, brings this deliberate indifference claim pursuant to 42 U.S.C. § 1983. He claims that Michigan Department of Corrections ("MDOC") employees, including Defendant Vasilis Pozios ("Pozios"), forced him to participate in a mental health program and take psychotropic drugs against his will. He claims this

1

was deliberately indifferent to his medical needs and violated his Eighth Amendment rights.

Pozios is a MDOC psychiatrist who treated Kinchloe in a mental health program. In his motion for summary judgment, Pozios says Kinchloe did not exhaust available administrative remedies through the MDOC grievance procedure, and the suit is barred pursuant to 42 U.S.C. § 1997e(a).

The Court **GRANTS** Pozios's motion for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute of a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986).

The moving party has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). The burden then shifts to the nonmoving party to show a genuine issue of material fact. *Id.*

Kinchloe did not respond to Pozios's motion for summary judgment. However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir.1991). The moving party must still meet its initial burden. Pozios does that.

### III.  DISCUSSION

Pozios says Kinchloe did not exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires that inmates exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Exhaustion is mandatory for all actions surrounding prison conditions. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion" is necessary, meaning inmates must follow the administrative procedure of the pertinent facility. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006).

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Pozios pleads it here.

The MDOC grievance policy has exhaustion requirements. [ECF No. 61-2, PageID.305-08] The inmate must first attempt to resolve the grievance informally with staff. If this is not successful, the inmate may

3

proceed to Step I and file an official grievance form with the Grievance Coordinator. If the inmate is not satisfied with the resolution of Step I, Step II is to file a grievance with a designated supervisor. Step III is appeal of the supervisor's decision at Step II.

The prison is to keep a record of all stages of the grievance procedure, including of complaints that are eventually dismissed.

Pozios provided the Court with a copy of Kinchloe's grievance record. There is no record that Kinchloe proceeded to Step III on any grievance, and he does not allege that he followed the grievance procedure. [ECF No. 71-1, PageID.379]

There is no genuine dispute of material fact; Kinchloe did not properly exhaust administrative remedies as required by the PLRA. 42 U.S.C. § 1997e; *Woodford*, 548 U.S. at 94. Pozios is entitled to summary judgment.

IV. CONCLUSION

The Court **GRANTS** Pozios's motion for summary judgment.

**IT IS ORDERED.**

                                              s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: November 14, 2019